**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>          Plaintiff,<br><br>v.<br><br>Super 8 Worldwide Incorporated, et al.,<br><br>          Defendants. | No. CV-21-00927-PHX-DWL<br><br>**ORDER** |

This is yet another meritless lawsuit filed by *pro se* Plaintiff Peter Strojnik ("Strojnik"), a disbarred former attorney who has been declared a vexatious litigant by multiple courts since his disbarment. Now pending before the Court is a Rule 12(b)(6) motion to dismiss filed by Defendants Super 8 Worldwide Inc. ("Super 8") and Wyndham Hotels and Resorts, LLC ("Wyndham") (together, "Defendants"). (Doc. 11.) For the following reasons, the motion is granted.

**BACKGROUND**

I.     Strojnik's Litigation History

Over the last decade, Strojnik has been personally responsible for the filing of thousands of meritless lawsuits. In general, these "cookie-cutter lawsuits" with inadequate allegations have involved the assertion of claims under the Americans with Disabilities Act ("ADA") against small businesses. *Advocates for Individuals with Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017) ("Template complaints filled with non-specific allegations have become the stock-in-trade of attorney[] Peter Strojnik"

who, in conjunction with others, "pursued upwards of 160 cookie-cutter lawsuits in federal court and, from early to later 2016, more than 1,700 such suits in Arizona state court").

Initially, Strojnik filed these ADA lawsuits in his capacity as an attorney, but he was disbarred by the Arizona State Bar in 2019. The notice of disbarment explained that Strojnik's *modus operandi* was to engage in "'extortionate' and 'ethically suspect' misconduct" by asserting "vague violations" and then "demand[ing] approximately $5,000 in attorney's fees regardless if the business remedied the purported violations." *Strojnik v. Ashford Scottsdale LP*, 2021 WL 2002977, *1 (D. Ariz. 2021) (citation omitted).

Next, Strojnik began bringing ADA lawsuits in federal court as a *pro se* plaintiff. Those lawsuits were routinely dismissed for lack of standing, and in 2020, Strojnik was declared a vexatious litigant by the United States District Courts for the Northern and Central Districts of California. *Strojnik v. IA Lodging Napa First LLC*, 2020 WL 2838814, *13 (N.D. Cal. 2020) ("Strojnik's litigation tactics are frivolous and harassing."); *Strojnik v. SCG Am. Construction Inc.*, 2020 WL 4258814, *7-8 (C.D. Cal. 2020) (finding, in the course of making vexatious-litigant finding, that "Strojnik's propensity for filing a multitude of disability discrimination cases, particularly against hotel defendants, is very well known," that "countless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims," and that "Strojnik's history contains countless filings of frivolous complaints and instances of directly ignoring court orders").

After this strategy proved ineffective, Strojnik began bringing *pro se* ADA lawsuits in Arizona state court. Many of the targets of these lawsuits responded by removing the action to federal court, based on the presence of a federal claim (*i.e.,* the ADA claim), and then moving to dismiss based on a lack of standing. *Strojnik v. Driftwood Hospitality Mgmt. LLC*, 2021 WL 50456, *8-9 (D. Ariz. 2021) ("As of December 19, 2020, Mr. Strojnik claims to have filed 64 cases with ADA claims in Arizona superior courts . . . [and] twenty-two of Mr. Strojnik's *pro se* ADA cases have been heard in this District since his disbarment after they were removed from state court"). Strojnik not only resisted these

efforts but went on the offensive, seeking sanctions against opposing counsel. Such tactics prompted the District of Arizona to declare Strojnik a vexatious litigant in January 2021. *Id.* at *10 ("The Court finds that Mr. Strojnik harasses and coerces parties into agreeing to extortive settlements . . . [and] finds Mr. Strojnik's litigation tactics frivolous and harassing."). The vexatious litigant order required Strojnik to pay a $10,000 bond within 21 days of (1) filing a new action in the District of Arizona, (2) removal of an action from state court, or (3) amending a complaint in an action already pending in the District of Arizona, but the bond requirement was limited to actions that alleged ADA violations. *Id.* at *11.

Afterward, Strojnik began filing *pro se* lawsuits in Arizona state court in which he dropped the ADA claim and only asserted state-law claims. One surmises that this constituted an attempt to avoid removal and the District of Arizona's bond requirement. Some defendants have nevertheless removed these actions on diversity grounds. Such is the case here.

II.   This Case

On February 25, 2021, Strojnik initiated this action by filing a complaint in Maricopa County Superior Court. (Doc. 1-13.) The initial version of the complaint named both of the current Defendants as well as a third defendant, Mohit Developers, LLC dba Super 8 by Wyndham Metro North ("Mohit Developers"). (*Id.*) This version of the complaint asserted four causes of action: (1) a violation of the Arizona Consumer Protection Act (*id.* ¶¶ 9-30); (2) "Common Law and ACFA Fraud" (*id.* ¶¶ 31-44); (3) "Civil Conspiracy, Aiding and Abetting" (*id.* ¶¶ 45-59); and (4) breach of contract (*id.* ¶¶ 60-64.)

On April 20, 2021, Strojnik filed the operative pleading in this action, the First Amended Complaint ("FAC"). (Doc. 1-4.) In this pleading, Mohit was no longer named as a defendant. (*Id.*)

In the FAC, Strojnik alleges that, when he visited the Wyndham website to obtain information about his lodging options, he was "steered . . . to Super 8 by Wyndham Phoenix Metro North Phoenix located at 8130 N. Black Canyon Hwy., Phoenix, AZ 85051." (*Id.*

¶¶ 4-6.) The FAC next alleges, in seemingly contradictory fashion, that the website "failed to disclose whether the Super 8 by Wyndham was accessible to persons with disabilities" but also "identified two accessible rooms." (*Id.* ¶¶ 7-11.) The FAC next alleges that, in reliance on the website's representation that the rooms had various accessibility features, Strojnik "booked a room" and then "personally lodged at the Super 8 on February 23, 2021," only to discover that his room was not, in fact, accessible for four reasons: (1) "the room was not mobility accessible"; (2) "the room did not have an accessible bathroom"; (3) "the bedroom was not wheelchair accessible"; and (4) "there was no portable bathroom seat." (*Id.* ¶¶ 12-14.) Finally, the FAC alleges that, for unspecified reasons, Strojnik "was consequently and proximately damaged by Defendants' misrepresentations by booking and paying for the room" and suffered an unspecified "injury resulting from the misrepresentations." (*Id.* ¶¶ 15-25.) Notably, the FAC does not allege that Strojnik himself is disabled or requires the four accessibility accommodations in question. Nevertheless, the FAC asserts two causes of action against Defendants: (1) "common law and statutory fraud" (*id.* at 3-4); and (2) breach of contract (*id.* ¶¶ 26-30).

On May 26, 2021, Defendants timely removed the action to this Court. (Doc. 1.) Thereafter, Defendants filed the pending motion to dismiss pursuant to Rule 12(b)(6). (Doc. 11.)[1] The motion is now fully briefed. (Docs. 14, 20.) Additionally, Strojnik previously filed a one-paragraph "Motion to Remand for Lack of Jurisdiction" (Doc. 13), which the Court summarily denied "for failure to advance any argument whatsoever" (Doc. 17).

**DISCUSSION**

As an initial matter, the Court notes that Defendants have not moved to dismiss the FAC for lack of standing under Rule 12(b)(1), which is the basis on which many of Strojnik's lawsuits have been dismissed. *See, e.g., Ashford Scottsdale*, 2021 WL 2002977 at *6-10; *Strojnik v. LADA Sedona LP*, 2021 WL 2043021, *1-2 (D. Ariz. 2021); *Strojnik*

---

[1] Defendants requested oral argument, but this request is denied because the issues are fully briefed and argument would not aid the decisional process. *See* LRCiv 7.2(f).

*v. Forest Villas Inn II LLC*, 2021 WL 2138797, *3-4 (D. Ariz. 2021); *Strojnik v. Schnieder*, 2021 WL 3144625, *1-2 (D. Ariz. 2021); *Strojnik v. Hyatt Hotels Corp.*, 2022 WL 504480, *8-10 (D. Ariz. 2022). Instead, Defendants seek dismissal under Rule 12(b)(6) for failure to state a claim.

One of the grounds on which Defendants seek dismissal under Rule 12(b)(6) is a lack of damages and harm. (Doc. 11 at 6 [arguing the fraud claim should be dismissed because Strojnik "does not plead reliance or damages at all, much less with Rule 9(b) particularity . . . [and] does not allege how he relied on any 'false' statement, or how he was damaged as a result"]; *id.* at 9 ["Mr. Strojnik's breach of contract claim fails for the additional reason that he does not plead damages resulting from any alleged breach of contract by Defendants. . . . Here, Mr. Strojnik's only assertion of damages is that 'Plaintiff has been damaged by Defendants' breach in an amount to be proven at trial.' This is insufficient to state a claim for relief."].) In his response to the motion to dismiss, Strojnik makes no meaningful effort to respond to these arguments. As for the contract claim, Strojnik simply cross-references the conclusory assertion in the FAC that he "was damaged." (Doc. 14 at 2.) As for the fraud claim, Strojnik offers a general criticism of the branding practices of the hotel industry (*id.* at 2-4) before explaining why he believes "Mohit Violated Arizona's Consumer Fraud Act" (*id.* at 4-5). Putting aside the fact that Mohit Developers is no longer a defendant in this action, this section of Strojnik's brief is devoid of any discussion of why the factual allegations in the FAC should be deemed sufficient to demonstrate that Strojnik suffered any harm from the allegedly fraudulent conduct.

The Court agrees with Defendants that Strojnik has failed to plausibly allege the existence of any damages, harm, or injury in fact. Although the FAC alleges that Strojnik's hotel room lacked certain accessibility features, it conspicuously does not allege that Strojnik is disabled or otherwise required the purportedly lacking features and offers only conclusory allegations as to why Strojnik was harmed by their absence. Such omissions are the reason why so many of Strojnik's prior ADA lawsuits have been dismissed for lack

of standing and the Court fails to see why the standing analysis would be any different here.[2] And because "a federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits" and instead must police "subject-matter delineations . . . on [its] own initiative," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), the Court concludes the dismissal here should be for lack of subject-matter jurisdiction rather than under Rule 12(b)(6). The Court further concludes, for the reasons stated in earlier dismissal orders involving Strojnik, that a remand to state court would be unnecessary and inappropriate pursuant to *Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991), futility doctrine. *See, e.g., Hyatt Hotels*, 2022 WL 504480 at \*10.

Alternatively, even if Strojnik had standing, Defendants would be entitled to dismissal under Rule 12(b)(6) for the reasons stated in their motion papers. The fraud claim fails not only due to a lack of damages and harm but also due to the FAC's failure to comply with Rule 9(b) and because, to the extent Strojnik is attempting to recast the fraud claim as a brand deceit claim, it fails for the same reasons as the analogous brand deceit claims in *Ashford Scottsdale* and *LADA Sedona*. Meanwhile, the contract claim fails not only due to a lack of damages and harm but also due to Strojnik's lack of contractual privity with the remaining Defendants.

Finally, Strojnik's conclusory and undeveloped request for leave to amend (Doc. 15 at 5) is denied on futility grounds. *Cf. Ashford Scottsdale*, 2021 WL 2002977 at \*10 ("[G]iven the chronic deficiencies in Mr. Strojnik's many complaints over the years and recent months, and the many opportunities he has had to rectify such deficiencies, . . . [he] makes his request for leave to amend in bad faith. Justice does not require leave to amend. . . . The Ninth Circuit has repeatedly affirmed the denial, on futility grounds, of Strojnik's

---

[2] "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[T]he irreducible constitutional minimum of standing contains three elements": (1) a concrete and particularized injury in fact; that is (2) a causal connection between the injury and the challenged conduct; and (3) a likelihood that the injury would be redressed by a favorable decision. *Id.* at 560-61. "[A] plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

requests for leave to amend.") (citations and internal marks omitted).[3]

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 11) is **granted**. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 2nd day of March, 2022.

>		Dominic W. Lanza
>		United States District Judge

---

[3] Defendants also include, in their motion to dismiss, a request for "an award of their attorneys' fees, expenses, and costs incurred in defending against this action pursuant to A.R.S. § 12-341, 12-341.01 and other applicable law." (Doc. 11 at 2.) This request is denied without prejudice. *Graham-Miller v. Nationstar Mortgage LLC*, 2012 WL 2368494, *5 (D. Ariz. 2012) (granting motion to dismiss but denying without prejudice request for attorneys' fees under A.R.S. § 12-341.01 that was included in the dismissal moving papers: "[I]f Defendants wish to be awarded attorneys' fees under section 12-341.01, they must file a separate motion that complies with Local Rule 54.2, setting out the reasons this Court should exercise its discretion to award fees.").